1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

CHRISTINE MARIE PLANTE,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

**CASE NO. 09-CV-01217-H (POR)**

**ORDER GRANTING MOTION TO DISMISS**

On June 8, 2009, Defendant United States of America filed a motion to dismiss Plaintiff's first amended complaint based on lack of subject matter jurisdiction. (Doc. No. 5.) Plaintiff filed a "motion for continuance" on June 22, 2009, which the Court construes as a response in opposition to Defendant's motion to dismiss. (Doc. No. 6.) Defendant filed a reply on July 6, 2009. (Doc. No. 7.)

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument and submits it on the parties' papers. For the reasons set forth below, the Court grants Defendant United States' motion to dismiss.

## Background

On December 15, 2008, Plaintiff Christine Marie Plante, proceeding pro se, initiated this medical malpractice action in the Superior Court of California, in and for the County of San Diego, against Defendants Diletta Renier-Berg, M.D., Denise Y. Gomez, M.D., and the Georgetown University School of Dentistry. (Doc. No. 1.) On April 27, 2009, Plaintiff filed

1  an amended complaint naming as the only defendant Denise Y. Gomez, M.D., a physician-

2  employee of the North County Health Project, Inc., doing business as North County Health

3  Services ("NCHP"), a federally supported health center.  (Id.)  On June 4, 2009, Defendant

4  Denise Gomez removed this action to this Court and the United States filed a motion to

5  substitute party.  (Id.; Doc. No. 2.)  On June 5, 2009, the Court granted the United States'

6  motion to substitute party, substituting the United States of America in place of Denise Gomez,

7  as NCHP's employees are deemed by the Secretary of Health and Human Services to be Public

8  Health Service employees for purposes of the Federal Torts Claims Act ("FTCA"), 28 U.S.C.

9  §§ 1346(b), 2671, et seq., and the Attorney General of the United States certified that

10  Plaintiff's allegations concern actions taken by Denise Gomez while operating within the scope

11  of her employment as an employee of NCHP.  (Doc. No. 4.)

12          The United States seeks dismissal of this action for lack of subject matter jurisdiction

13  under the FTCA based on Plaintiff's failure to file an administrative claim prior to

14  commencing this suit.  (Doc. No. 5.)  Plaintiff contends that her suit is proper as she has

15  complained to the medical boards in both New Mexico and California.  (Doc. No. 6 at 4.)

16  Plaintiff also contends that she misunderstood the amendment process in state court.

17                                          **Discussion**

18  **I.  Legal Standard Motion to Dismiss for lack of Subject Matter Jurisdiction**

19          Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for

20  lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and limits

21  upon federal jurisdiction must not be disregarded or evaded.  Owen Equipment & Erection Co.

22  v. Kroger, 437 U.S. 365, 374 (1978).  Federal courts have exclusive jurisdiction of civil actions

23  on claims against the United States, for personal injury or death caused by the negligent or

24  wrongful act or omission of any employee of the Government while acting within the scope

25  of his office or employment.  28 U.S.C. §1346(b)(1).  The plaintiff has the burden to establish

26  that subject matter jurisdiction is proper.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375,

27  377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations

28  to show a proper basis for the court to assert subject matter jurisdiction over the action.

McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); FED.R.CIV.P. 8(a)(1). A defense based on the lack of subject matter jurisdiction is never waived, and may be raised by any party at any time.  Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594–95 (9th Cir. 1996).  When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir.1979).   "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect can be corrected by an amendment ." Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).

Defendant United States asserts that Plaintiff's first amended complaint fails to show a proper basis for subject matter jurisdiction because Plaintiff does not allege that she has exhausted her administrative remedies under the FTCA prior to filing her complaint.  Under the FTCA, "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  The failure of an agency to make a final disposition of a claim within six months after it is filed is deemed a final denial of the claim.  Id.  In other words, an FTCA claim may not be brought until the plaintiff has exhausted all administrative remedies. McNeil v. United States, 508 U.S. 106, 113 (1993). Courts strictly construe this requirement because "[s]overeign immunity is an important limitation on the subject matter jurisdiction of federal courts. The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity." Vacek v. United States Postal Serv., 447 F.3d 1248, 1250-51 (9th Cir. 2006).  "[Courts] have repeatedly held that the exhaustion requirement [of the FTCA] is jurisdictional in nature and must be interpreted strictly . . . Any such waiver must be strictly construed in favor of the United States." Id.  Where a plaintiff has prematurely initiated an

1   FTCA claim before exhausting administrative remedies, courts must dismiss the FTCA claim.

2   Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992).  A premature complaint cannot be

3   cured by presenting an FTCA administrative claim to the agency after suit has been filed.

4   McNeil, 508 U.S. at 110-13.  Instead, plaintiffs must initiate a new action for the FTCA claim

5   after exhaustion.  See Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir.1999) (amended

6   complaint filed after exhaustion cannot cure a prematurely filed original complaint).

7         Plaintiff bears the burden of establishing jurisdiction and has failed to do so.  See Indus.

8   Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  From the face of the first

9   amended complaint, federal question jurisdiction under the FTCA is lacking. Plaintiff's first

10  amended complaint makes several allegations against Denise Gomez, M.D., concerning

11  medical treatment Plaintiff received from Dr. Gomez.  (Doc. No. 1.)  However, Plaintiff does

12  not allege anywhere in her first amended complaint that she has presented her claim to the

13  appropriate Federal agency nor that her claim has been finally denied by the agency in writing

14  or that six months has passed since filing a claim.  (See id.)  Plaintiff has attached as an exhibit

15  to her opposition a letter from the Medical Board of California concerning a complaint she

16  filed against Dr. Gomez.  (Doc. No. 6, Ex. D.)  The letter informs Plaintiff that the Medical

17  Board of California had no statutory jurisdiction over the subject matter of Plaintiff's

18  complaint, as Plaintiff apparently complained about Dr. Gomez's demeanor or attitude and Dr.

19  Gomez's billing practice.  (Id.)  Plaintiff's complaint to a California state agency is not a

20  complaint to the appropriate Federal agency presenting her tort claims against Dr. Gomez.

21  Plaintiff has not alleged, or shown that she can amend her pleadings to allege, exhaustion of

22  administrative remedies under the FTCA to give this Court subject matter jurisdiction over her

23  claims.  Furthermore, Defendant indicates by declaration of Meredith Torres, Senior Attorney

24  in the General Law Division, Office of the General Counsel, Department of Health and Human

25  Services, that Plaintiff has not filed an administrative tort claim relating to Dr. Gomez or

26  NCHP with the Department.  (Doc. No. 5, Ex. 3, Torres Decl. ¶¶ 1-4.)  Accordingly, the Court

27  concludes that Plaintiff's FTCA claim is premature and grants the United States' motion to

28  dismiss Plaintiff's first amended complaint for lack of subject matter jurisdiction.

1

**Conclusion**

2          For the reasons set forth above, the Court GRANTS Defendant United States' motion

3   to dismiss Plaintiff's first amended complaint for lack of subject matter jurisdiction.  As the

4   lack of subject matter jurisdiction cannot be cured, the Court orders the case terminated.

5          **IT IS SO ORDERED.**

6   DATED: July 8, 2009

7

8                                              MARILYN L. HUFF, District Judge
                                               UNITED STATES DISTRICT COURT
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28